IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY LTD, *et al.*, <br><br>     Plaintiffs, <br><br> VS. <br><br> GALLAGHER BENEFIT SERVICES, INC., *et al.*, <br><br>     Defendants. | § § § § § § § § § § § § § §  CIV. ACTION NO. 4:11-cv-00685 |

## MEMORANDUM AND ORDER

Before the Court is the Partial Motion of Defendant Gallagher Benefit Services, Inc. to Dismiss Certain Claims in Plaintiffs' First Amended Complaint ("Motion"). (Doc. No. 27.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court determines that the Motion must be **GRANTED** in part and **DENIED** in part**.**

### I. BACKGROUND[1]

North Cypress Medical Center Operating Company Ltd. and North Cypress Medical Center Operation Company GP, LLC (collectively, "North Cypress" or "Plaintiffs") own a full-service hospital in Houston, Texas. In 2009, North Cypress sought the assistance of Gallagher Benefit Services, Inc. ("Gallagher" or "Defendant") in acquiring an excess risk insurance policy. With Gallagher's guidance, North Cypress

---

[1] All facts are taken from Plaintiff's First Amended Complaint (Doc. No. 24).

1

purchased the Kanawha Insurance Company Excess Risk Insurance Policy ("the Policy"), which was administered and issued by Humana Healthcare ("Humana").

The premium amounts under the Policy fluctuated from month to month. In order to submit accurate payments in spite of these variations, Gallagher, together with the company CoreSource, developed an underlying method and system for calculating the monthly premium amounts. Pursuant to an agreement between North Cypress and Gallagher, CoreSource was responsible for making the monthly calculations. CoreSource was to also communicate the amount due every month to North Cypress and then deliver North Cypress' payment to Humana. Payments were due on the first day of every month, but North Cypress was entitled to a 31 day window in which to submit late payments.

In April 2010, North Cypress received CoreSource's calculation for the premium 21 days late. North Cypress promptly issued a check to CoreSource. Although North Cypress sent CoreSource the check well within the grace period, Humana claimed that it did not receive payment until May 17, several weeks after the period had expired. Humana thereafter terminated the Policy.

Gallagher claims that it made multiple efforts to reinstate the Policy. Humana refused Gallagher's offers, however, insisting that it would reinstate the policy only if North Cypress would agree to zero percent coverage of its domestic claims or to substantial discounts on those claims. Rather than make these concessions, Gallagher procured a new insurance company for North Cypress. The new policy began the day after the Humana policy terminated.

North Cypress filed this lawsuit against Gallagher in February 2011. Gallagher thereafter filed a Motion to Dismiss, which North Cypress followed with a First

Amended Complaint. (Doc. No. 24.) In the First Amended Complaint, North Cypress alleges five counts: breach of contract/promissory estoppel, negligence and negligent misrepresentation, violations of the Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code as to Gallagher and CoreSource, violation of the Texas Insurance Code Chapter 541 as to Gallagher and CoreSource, and damages under Federal Rule of Civil Procedure 54(c). Gallagher filed third-party complaints against Humana and Kanawha Insurance Company.

In September, Gallagher filed this Partial Motion to Dismiss Certain Claims in Plaintiffs' First Amended Complaint. In the Motion, Gallagher takes issue with Counts II and III, North Cypress' negligence and DTPA claims. First, Gallagher claims that insurance agents and brokers do not owe common law tort duties to monitor their clients' claims administrators. Gallagher states that North Cypress' allegations thus rest on breach of a tort duty that does not exist: the duty to ensure the third party plaintiffs timely paid North Cypress' insurance premiums. Therefore, Gallagher concludes, North Cypress has failed to state a claim for negligence upon which relief can be granted. Second, Gallagher argues that North Cypress has failed to state a claim under the DTPA because North Cypress falls into the "business consumer" exception to the Act.

### II. LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint

3

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).

### III. APPLICATION

As North Cypress no longer wishes to pursue its DTPA claim, the Court will examine only whether the First Amended Complaint states a claim for relief under a negligence theory. (Pl.'s Resp. to Mot. Dismiss, Doc. No. 28 at 5 n.5.) Gallagher essentially argues that North Cypress has not stated a claim for negligence because, first,

there was no duty to be breached, and, second, because the claim is actually contractual. The Court will examine each of Gallagher's allegations.

### A. Gallagher's Duty of Care

The three essential elements of a cause of action for negligence in Texas are (1) legal duty, (2) breach of that duty, and (3) damages caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). The threshold inquiry in negligence cases is whether the defendants owed the plaintiffs a legal duty. *Smith v. Merritt*, 940 S.W.2d 602, 604 (Tex. 1997). Normally, insurance brokers owe their client only a duty to use reasonable diligence in acquiring a policy, and to inform the client if they are unable to do so. *Webb v. UnumProvident Corp.*, 507 F.Supp.2d 668, 683 (W.D. Tex. 2005) (citing *May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 669 (Tex. 1992)).

Several Texas state and federal cases suggest that, under certain circumstances, an insurance broker's duties to an insured may extend beyond the duties of diligence and prompt notification. For example, a Texas appeals court determined that "a duty to disclose information about higher insurance coverage does not exist unless there is evidence of prior dealings where the agent has taken care of his customer's needs without consultation." *Critchfield v. Smith*, 151 S.W.3d 225, 231 (Tex.App.-Tyler 2004, pet. denied). On the basis of *Critchfield v. Smith* and two other Texas state cases, the District Court for the Western District of Texas determined that "[w]hether an insurance agent can have duties to a consumer broader than the two common law duties, and apart from the general prohibition against deceptive practices, depends on the facts and circumstances surrounding the agent's dealings with an insured." *Webb*, 507 F.Supp.2d at 683. *See also Penn-America Ins. Co. v. Zertuche*, 770 F.Supp.2d 832, 844 (W.D. Tex.

5

2011) ("[T]he facts and circumstances surrounding an agent's or a broker's dealings with an insured may give rise to additional duties between those two." (citing *Webb*, 507 F.Supp.2d at 683)); *Aspen Specialty Ins. Co. v. Muniz Eng'g, Inc.*, 514 F.Supp.2d 972, 982 (S.D. Tex. 2007) ("Other duties most likely depend on the course of dealings between agent and insured."). Courts usually decline to find a broader duty in specific cases, as "such a special relationship is rare." *Id. See also Critchfield*, 151 S.W.3d at 231-32 (declining to extend duty in summary judgment context "without evidence of prior dealing where the agent has taken care of a customer's needs without consultation"); *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex.App.-San Antonio 1998, no pet.) (denying additional duty in summary judgment context); *Penn-America Ins. Co.*, 770 F.Supp.2d at 845 (same). Nonetheless, this Court determines that additional duties between brokers and their clients, however unusual, may arise "depend[ing] on the facts surrounding the relationship between the insured and the agent or broker," and especially when the parties have "[a] long-term relationship with high levels of trust." *Penn-America Ins. Co.*, 770 F.Supp.2d at 844 (citing *Webb*, 507 F.Supp.2d at 684-85).

North Cypress has not pled facts sufficient to state a claim for relief under its negligence theory. North Cypress states that it engaged Gallagher's assistance to broker an insurance policy and to create the underlying system for calculating payments for North Cypress' monthly premiums. (Pl.'s Am. Compl. ¶¶ 9, 19.) Yet North Cypress nowhere pleads facts suggesting that Gallagher acted as more than an insurance broker. Without facts potentially giving rise to a special relationship, there is no basis to conclude that Gallagher may have owed North Cypress duties in addition to its two normal

common-law obligations. North Cypress' First Amended Complaint, therefore, cannot survive the Motion to Dismiss.

### *B. Sounding in Contract Instead of in Tort*

Gallagher further alleges that North Cypress' claim should be dismissed because North Cypress merely alleges an economic injury to the subject of the alleged contract. (Def.'s Mot. Dismiss at 9.) In determining whether a claim sounds only in contract as opposed to in contract and tort, the Court must examine the substance of the cause of action and not necessarily the manner in which it is pleaded. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 617-18 (Tex. 1986). The Texas Supreme Court has established a two-part test to evaluate whether a plaintiff may assert a tort claim in addition to a breach of contract claim. *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Under the first prong, the critical question is whether Gallagher's alleged conduct would give rise to liability independent of the fact that it had a contract with North Cypress. *Id.*; *Coachmen Industries, Inc. v. Willis of Illinois, Inc.*, 565 F.Supp.2d 755, 772 (S.D. Tex. 2008); *Willcox v. Am. Home Assurance Co.*, 900 F.Supp. 850, 853 (S.D. Tex. 1995). *See also OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 20 (Tex.App.-Tyler 2003, pet. denied) ("If the actor depends entirely on pleading and proving the contract in order to establish a duty, the action remains one for breach of contract only, regardless of how it is framed by the pleadings."); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994) ("If a defendant's conduct is actionable only because it breaches the parties' agreement, the claim is solely contractual in nature.").

To survive the second prong, North Cypress must plead damages that are separate and distinct from those sought for its breach of contract claim. *Coachmen Industries, Inc.*,

565 F.Supp.2d at 773-74. Plaintiffs are not prevented from bringing causes of action in tort simply because the damages are "analogous" to those sought under their breach of contract claim. *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 674 (Tex.App.-Houston [1st Dist.] 1996, no writ). However, "'[w]hen the injury is only the economic loss subject to the contract itself, the action sounds in contract alone.'" *Entergy Gulf States, Inc.*, 40 S.W.3d 201, 203 (Tex.App.-Beaumont 2001, no pet.) (quoting *Jim Walter Homes, Inc.*, 711 S.W.2d at 618).

North Cypress meets the former of these two prongs. It has stated that Gallagher "represented to North Cypress that they would competently and diligently make or ensure that timely payments were made to Humana each month for premium payments." (Pl.'s Am. Compl. ¶ 51.) North Cypress alleges that those "statements" by Gallagher were false or misleading, and that Gallagher failed to use reasonable care in communicating relevant information to North Cypress. (*Id.*) Furthermore, North Cypress claims, Gallagher made no genuine effort to help reinstate the Policy. (*Id.*) In pleading its negligence claim, then, North Cypress alleges that Gallagher made "statements" or "representations," which North Cypress relied upon. (*Id.* ¶ 52.) "Statements" or "representations" do not necessarily describe a contractual arrangement. Reading these facts in North Cypress' favor, they depict alleged statements that Gallagher may have made in addition to any contract between the parties. Discovery may reveal that these statements expanded Gallagher's duty of care.

Yet North Cypress fails to plead facts showing damage outside of the scope of its breach of contract action. North Cypress claims that it was "substantially harmed" and "is therefore entitled to recovery of all pecuniary losses arising from the improper and

8

untimely cancelation of the policy." (*Id.*) The Court would have to strain to conclude, from these allegations, that North Cypress has stated a claim that it suffered damages separate and distinct from its contractual injury. A pleading must set forth more than "labels and conclusions," *Twombly*, 550 U.S. at 555 (citation omitted), and "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Merely stating that it suffered substantial harm from the cancelation of the Policy is not sufficient for North Cypress to state a claim for non-contractual injury. Even if North Cypress had successfully pled a duty of care, then, it has not offered facts showing that its torts claim is distinguishable from its contractual claim.

### *C. Amendment of North Cypress' Complaint*

For the above stated reasons, the Court finds that North Cypress has not stated a claim for which relief can be granted under "Count II: Negligence and Negligent Misrepresentation." However, North Cypress has requested, in the alternative, leave to amend its pleadings. The Court evaluates North Cypress' request for leave to amend under Rule 15, which provides that this Court "'should freely give leave when justice so requires.'" *Cole v. Sandel Med. Indus., LLC.*, 413 F.App'x 683, 688 (5th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend,'" and the Court "must have a 'substantial reason' to deny a request for leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations omitted). In considering whether to grant leave to amend, the Court may consider multiple factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The Court finds that none of these factors

counseling against granting leave to amend are present here. As the parties have not yet agreed to a Scheduling Order, an additional amendment will not result in undue delay. North Cypress has not acted in bad faith, and although North Cypress did not cure the deficiencies described here in its First Amended Complaint, its failures are surely not "repeated." Finally, the Court finds that additional amendment is not futile because North Cypress may, in a Second Amended Complaint, succeed in stating a claim upon which relief can be granted. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). The Court thus determines that it should grant North Cypress leave to amend its complaint in accordance with the Court's conclusions in this Memorandum and Order.

## IV. CONCLUSION

The Court therefore orders North Cypress to amend its First Amended Complaint in order to state a claim for which relief may be granted under "Count II: Negligence and Negligent Misrepresentation." As North Cypress has decided not to pursue its DTPA allegations, the Court dismisses Count III with prejudice. Gallagher's Motion to Dismiss is hereby **GRANTED** in part and **DENIED** in part**.**

**IT IS SO ORDERED.**

**SIGNED** this the 24th day of October, 2011.

　　　　　　　　　　　　　　　　*/s/ Keith P. Ellison*
　　　　　　　　　　　　　　　　**KEITH P. ELLISON**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**