UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH CYPRESS MEDICAL CENTER OPERATING CO, Ltd. and NORTH CYPRESS MEDICAL CENTER OPERATING CO. GP, LLC | § § § § § | |
| Plaintiffs | § § | |
| VS. | § § | Civ. Action No. 4:11-cv-685 |
| GALLAGHER BENEFIT SERVICES, INC., et. al | § § § § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Before the Court is CoreSource's Motion for Leave to Designate Kanawha Insurance Company as a Responsible Third Party. Plaintiffs North Cypress Operating Company, Ltd. and North Cypress Medical Center Operating Company, LLC (together, "North Cypress") allege that Defendants improperly terminated a stop loss insurance policy issued by third party Defendant Kanawha Insurance Company ("Kanawha"), based on an allegedly late April 2010 premium payment. The Court **GRANTS** CoreSource's Motion for Leave to Designate Kanawha Insurance Company as a Responsible Third Party.

In 2009, North Cypress sought the assistance of Gallagher Benefit Services ("GBS") in acquiring an excess risk insurance policy. With GBS's guidance, North Cypress purchased the Kanawha Insurance Company Excess Risk Health Insurance Policy ("Policy"), which was administered and issued by Humana Healthcare ("Humana"). Effective January 1, 2010, North Cypress's policy was to limit its risk on

1

large medical claims incurred through North Cypress's self-funded employee medical benefit plan. On May 21, 2010, when North Cypress failed to make its third premium payment by the Policy's premium payment deadline, Kanawha terminated the policy, although Kanawha had accepted "late" premium payments for the Policy in January, February, and March 2010.

On August 3, 2011, GBS filed an Amended Third Party Complaint, adding Kanawha as a third party defendant and alleging both derivative and direct claims against Kanawha arising out of the termination of the policy. In response to GBS's claims, Kanawha filed a 12(b)(6) motion which was granted in part, and denied in part. Kanawha is currently a third party defendant in the case.

A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . by conduct that violates an applicable legal standard." Tex. Civ. Prac. & Rem. Code § 33.011(6). Chapter 33 of the Texas Civil Practices & Remedies Code permits a party to be joined as a responsible third party in order to promote the equitable allocation of fault. *See, e.g., Streber v. Hunter*, 221 F.3d 701, 725 (5th Cir. 2000) (holding that the jury was properly asked to allocate responsibility under the Texas proportionate liability scheme). Additionally, the defendant seeking to designate a responsible third party does not need to provide evidentiary support, but only make notice pleading allegations demonstrating the putative party's potential responsibility for the claimant's damages. Tex. Civ. Prac. & Rem. Code §§ 33.004(g)(1), (2).

Kanawha objects to the Motion for Leave on two grounds. (Doc. No. 101.) First, Kanawha argues that it cannot be a "responsible third party" to North Cypress's claims

against CoreSource because it is already a party to the lawsuit as a result of GBS' third party claims against it. Second, Kanawha asserts that CoreSource failed to plead sufficient facts regarding any alleged tort duty Kanawha owed North Cypress, or any alleged breach of such duty, arising out of the termination of the Policy at issue. The Court addresses each argument below.

First, Kanawha argues that the plain meaning of the statute reveals that CoreSource may not designate a party to the case as a responsible third party. The definition of a "responsible third party" refers to "person[s]," not parties. Kanawha claims that this is an important distinction, which underscores that parties are not intended to be named. Tex. Civ. Prac. & Rem. Code § 33. In addition, the statute provides a sixty-day window within which a claimant may join the responsible third party as a party to the case. Kanawha is already a party to the case and argues that CoreSource's proposed designation to make them a responsible third party contradicts the plain language of Chapter 33. Further, Kanawha cites Texas authority construing § 33.004, which argues that a defendant in a case cannot also be a responsible third party. *Flack v. Hanke*, 332 S.W. S3d 251, 262 (Tex. App.—San Antonio 2010, pet. denied); *Guzman v. Mem'l Hermann Hosp. Sys.*, Civ. A. H-07-03973, 2009 WL 3602039, at *2 (S.D. Tex. Oct. 27, 2009); *Coachmen Indus., Inc. v. Alternative Solutions Concepts*, H-06-0892, 2008 WL 2787310, at *2 (S.D. Tex. July 15, 2008).

Even though Kanawha has been joined as a third party defendant, the Court finds that Kanawha is not a party or defendant to North Cypress's tort claims against CoreSource and GBS for purposes of § 33.003(a). Since Kanawha is not a party with respect to North Cypress's claims, the jury would not consider Kanawha's fault when

evaluating liability and responsibility for those claims. Texas' proportionate responsibility statute requires consideration of the responsibility of each claimant, defendant, settling person, and responsible third party on a claim-by-claim basis rather than by global consideration of parties to the lawsuit. Tex. Civ. Prac. & Rem. Code § 33.004 (a); *Isaacs v. Bishop*, 249 S.W.3d 100, 108 (Tex. App. 2008) (rejecting argument that Chapter 33 required the jury to determine the responsibility for all parties to the lawsuit in a single, global finding). 19 Dorsaneo, TEXAS LITIGATION GUIDE, § 291.03[2][a] (noting that while submission of broad-form jury questions is preferred, percentages of responsibility "are to be determined 'as to each cause of action'" and courts should therefore "instruct the jury to assign responsibility on a claim-by-claim basis," especially when claims are distinct or involve different theories of liability or measures of damages). Additionally, nothing in Chapter 33 precludes Kanawha, as a third party defendant in this lawsuit, from also being designated as a responsible third party. *See Ross v. Kennimer*, No. 4:05CV381, 2005 U.S. Dist. LEXIS 39206, at *2 (E.D. Tex. Dec. 7, 2005) (noting a third party defendant was also designated as a responsible third party without comment).

CoreSource argues that Kanawa's reliance on the Texas authority it cites is misplaced. For example, *Flack v. Hanke* suggests that once a party was joined as a defendant, it could not also be a responsible third party. 332 S.W. S3d 251, 262 (Tex. App. 2010.) However, *Flack* does not stand for the proposition that Kanawha, as a third party defendant, cannot be a responsible third party with respect to North Cypress's claims against CoreSource and GBS. When the jury considers each cause of action, there will be one set of questions for North Cypress' tort claims against CoreSource and GBS,

4

and a second set of questions for GBS's third party claims against Kanawha. The Court finds that, in order for the jury to apportion responsibility to Kanawha for North Cypress's tort claims, Kanawha must be included as a responsible third party.

Second, the Court considers Kanawha's argument that CoreSource has not sufficiently pled Kanawha's responsibility. The defendant seeking to designate a responsible third party does not need to provide evidentiary support, but only provide notice of the putative party's potential responsibility for the claimant's damages. Tex. Civ. Prac. & Rem. Code §§ 33.004(g)(1), (2). The Court finds that CoreSource has sufficiently pled Kanawha's responsibility. CoreSource states in its Motion for Leave that Kanawha accepted late premium payments for three months, and impliedly represented to CoreSource and GBS as late as April 15, 2010, that it would continue to do so. Furthermore, CoreSource alleges that Kanawha used the supposedly "late" April 2010 premium as a pretext to terminate the Policy after it realized its assumption that North Cypress's charges would be discounted was incorrect. Thus, Kanawha's liability under the policy was much greater than it anticipated. CoreSource argues that Texas law recognizes a duty of good faith and fair dealing in the insurance context, a duty which Kanawha breached. *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). While CoreSource did not specifically plead that Kanawha, as North Cypress' insurer, owed its insured a tort duty, the Court finds that CoreSource properly complied with Texas Rule of Civil Procedure 47(a), the standard to designate a third party at this stage. Rule 47(a) requires that a petition contain a short statement of the cause of action sufficient to give fair notice of the claim involved. *Reneker v. Offill*, 2011 WL 3583170 (N.D. Tex. Aug. 12, 2011). CoreSource has pled sufficient facts to put Kanawha on

notice of its claim, and Kanawha Insurance Company is hereby designated as a responsible third party.

**IT IS SO ORDERED.**

**SIGNED** in Houston, Texas this the 22nd day of April, 2013.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE